11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Marlin L. Clinton

Appellant

Vs.                   No.
11-03-00046-CR -- Appeal from Collin County

State of Texas

Appellee

 

The jury convicted Marlin L. Clinton of two counts
of aggravated assault of a child.  For
each count, the jury assessed appellant=s
punishment at confinement for life.  We
affirm. 

Appellant presents two points of error on
appeal.  In the first point, he argues
that the trial court erred in refusing to grant a mistrial when the State
repeatedly presented hearsay testimony in violation of the court=s ruling.  In the second point, appellant contends that
the trial court erred in allowing the investigator to testify regarding the
truthfulness of the complainant.  

With respect to the first point, we note that a
mistrial is a device used to halt trial proceedings when an error is so
prejudicial that the expenditure of further time and expense would be wasteful
and futile.   Ladd v. State, 3
S.W.3d 547, 567 (Tex.Cr.App.1999), cert. den=d,
529 U.S. 1070 (2000).  We must review the
trial court=s denial
of appellant=s motion
for mistrial under an abuse of discretion standard of review.  Ladd v. State, supra.  








The record shows that the complainant, who was 17
years old at the time of trial, testified that, on two specific occasions when
she was 6 or 7 years old, appellant forcibly inserted his finger into her
vagina.  The complainant was not sure how
many times it happened.  The complainant
testified that she was scared to tell anybody what appellant had done because
he told her not to tell and threatened to do Abad
things@ to her
family.  Several years later, the
complainant told her aunt, Barbara Jane Chidley, what appellant had done.  The complainant testified that she finally
decided to tell because she did not want the same thing to happen to anybody
else.  Chidley testified as the outcry
witness in this case, reiterating what the complainant had told her.  See TEX. CODE CRIM. PRO. ANN. art.
38.072 (Vernon Pamph. Supp. 2004).  On
cross-examination, Chidley=s
credibility was vigorously attacked by defense counsel.  Appellant also insinuated that Chidley Adeveloped a story@ in an attempt to get back at her
sister, appellant=s wife,
for revealing to Chidley=s
children that their father had not kidnapped them but that Chidley had allowed
them to live with their father because she could not take care of them.  

The State subsequently called the complainant=s best friend, Kimberley Ann Hambrick,
to testify.  When the prosecutor asked
Hambrick if she knew why they were there, Hambrick stated:  ABecause
she told me that she was sexually touched.@  After a sidebar conference, the trial court
sustained appellant=s
objection and instructed the jury to disregard. 
Appellant=s motion
for mistrial was overruled.  The trial
court then allowed the State to inquire about the time frame when the
complainant told Hambrick in comparison to when the complainant told
Chidley.  The trial court subsequently
sustained another objection, instructed the jury to disregard, and overruled
appellant=s motion
for mistrial when the State asked Hambrick the following question: AWhen she told you this, did she seem
clear about who did it to her?@  Hambrick did not testify about the content of
her conversation with the complainant. 
Hambrick did testify regarding how the topic came up, when the
conversation occurred, and when Hambrick told her aunt.  According to Hambrick, she was the first
person that the complainant had ever told about what had happened to her.[1]  

During closing argument, the prosecutor
stated:  ATwo
years ago [the complainant] told her best friend what Marlin Clinton did to her
at his home.@  Appellant objected that the comment violated
the trial court=s earlier
ruling.  The trial court sustained the
objection and instructed the jury to disregard the prosecutor=s comment and to follow the
instructions in the charge.  Appellant
moved for a mistrial, which the trial court denied.  








We hold that the trial court did not abuse its
discretion in denying appellant=s
motions for mistrial.  Hambrick=s testimony was offered after both the
complainant and Chidley had testified. 
Defense counsel had accused Chidley and, consequently, the complainant
of fabricating the story.  The State then
properly attempted to rebut this accusation by showing that the complainant had
actually told somebody else before telling Chidley, thereby showing that
Chidley and the complainant did not fabricate the story.  See TEX.R.EVID. 801(e)(1)(B)(prior consistent
statements offered to rebut a charge of recent fabrication or of improper
influence or motive are not hearsay). 
Neither the complained-of testimony nor the argument by the prosecutor,
if erroneous, was so prejudicial as to require a mistrial.  The first point of error is overruled.  

In the second point, appellant complains of the
testimony of Investigator Tony Bradley. 
Twice during the direct examination of Investigator Bradley, the trial
court sustained appellant=s
objections when the prosecutor inquired about the credibility or truthfulness
of the complainant.  Subsequently, the
trial court permitted the following questions and answers:  

Q: Investigator Bradley, when you are
investigating a case, if you had some signs that some adult [was] manipulating
or trying to brainwash or coach a child, could that in and of itself be an
offense, some type of emotional abuse? 

 

A: Yes, ma=am.  

 

Q: So is that something that you are looking for
so that you can follow up on the investigation if that was the case?  

 

A: Yes, ma=am.

 

Q: Is there anything in your investigation
involving [the complainant] that took you down that path, that caused you, you
know, what I need to go investigate some other adult who=s
manipulating her? 

 

[Appellant
objected, and the trial court overruled the objection as to that Alimited question.@] 

 

A: No.  

A trial court has broad discretion in ruling on
the admissibility of evidence.  Salazar
v. State, 38 S.W.3d 141, 151 (Tex.Cr.App.), cert. den=d, 534 U.S. 855 (2001); Weatherred
v. State, 15 S.W.3d 540, 542 (Tex.Cr.App.2000); Prystash v. State, 3
S.W.3d 522, 527 (Tex.Cr.App.1999), cert. den=d,
529 U.S. 1102 (2000).  As such, we will
not disturb the trial court=s
ruling as long as it was within the zone of reasonable disagreement.  Salazar v. State, supra; Weatherred
v. State, supra; Montgomery v. State, 810 S.W.2d 372, 391
(Tex.Cr.App.1991).  








Opinion testimony regarding the truthfulness or
credibility of a child witness is generally prohibited.  Schutz v. State, 957 S.W.2d 52
(Tex.Cr.App.1997).  However, it is
permissible for a witness to testify that the complainant did not exhibit the
traits of someone who had been manipulated because this type of testimony is
not a direct comment on the truth of the complainant=s
allegations.  Schutz v. State, supra
at 73.  After analyzing the testimony in
this case, we find that Investigator Bradley=s
testimony was not a direct comment on the complainant=s
truthfulness but, rather, related to whether she exhibited signs of being
manipulated.  Consequently, the trial
court did not abuse its discretion in permitting the testimony.  Appellant=s
second point of error is overruled. 

The judgment of the trial court is affirmed.  

 

JIM R. WRIGHT

JUSTICE 

 

June 30, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J. 











[1]We note that Hambrick did not qualify as an outcry
witness under Article 38.072 because she was under the age of 18 when the
conversation occurred.